**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| DIEGO IVAN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00561-RK |
| | ) | |
| RODRIGO YEPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff Diego Ivan Garcia's pro se motion for leave to proceed *in forma pauperis* and Affidavit of Financial Status in Support. (Docs. 1, 2.) Also before the Court is Plaintiff's pro se motion for a status update. (Doc. 3.) For the reasons set forth below, the Court **ORDERS** that (1) Plaintiff's pro se motion to proceed *in forma pauperis* is **GRANTED**, and (2) this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and also for lack of federal subject matter jurisdiction. Plaintiff's pro se motion for a status update, is therefore **DENIED as moot**.

**Discussion**

Title 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(a) provides that the standard for determining *in forma pauperis* status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced to give up the basic necessities of life. If the applicant meets the economic eligibility requirements, the Court then determines whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon careful review and consideration, it appears based on the submitted affidavit that Plaintiff is financially unable to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

While Plaintiff is therefore not required to pay the required filing fee, the Court considers whether it has—and should exercise—subject matter jurisdiction, and whether Plaintiff's complaint is otherwise subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). In the form complaint, Plaintiff asserts a claim against Defendant Rodrigo Yepez a "body shop [technician]" for violation of the Federal Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* (Doc. 1-1 at 2-3.) Plaintiff alleges that the defendant "intentionally cut[] brake lines off" a car he sold to Plaintiff, causing an accident in which Plaintiff suffered serious physical injuries. (*Id.* at 3 & 5.) Plaintiff seeks criminal charges against Defendant in addition to monetary damages. (*Id.* at 5.)

The Eighth Circuit has held that there is no private cause of action for a violation of the Consumer Product Safety Act itself. *Drake v. Honeywell*, 797 F.2d 603, 606 (8th Cir. 1986). Instead, a private cause of action is authorized under the Consumer Product Safety Act only if it arises from a violation of a consumer product safety rule issued by the Consumer Protection Safety Commission, with exceptions. 15 U.S.C. § 2072; *see Mwesigwa v. Dap, Inc.*, No. 4:08CV605 JCH, 2010 WL 979697, at *9 (E.D. Mo. Mar. 12, 2010);; *Drake*, 797 F.2d at 606 (Commission's reporting rules do not give rise to a private cause of action); *Avery v. Mapco Gas Prods., Inc.*, 18 F.3d 448, 455 n.6 (7th Cir. 1994) (same). Regardless, the Consumer Product Safety Act does not apply to or govern motor vehicles. 15 U.S.C. § 5052(a)(5)(C) (excluding personal motor vehicles from the statutory definition of "consumer product[s]" which the statute governs); *see Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 467 (7th Cir. 2012).[1]

As best as the Court can tell, Plaintiff's claims in this case may arise somehow under state law (whether for negligence, another intentional tort, or possibly a state consumer protection statute). For present purposes, Plaintiff has not asserted any plausible claim for relief that gives rise to the Court's federal question jurisdiction.[2]

---

[1] To the extent Plaintiff intended to cite the Motor Vehicle Safety Act, 15 U.S.C. § 1381 *et seq.*, there is similarly no private federal cause of action under that statute, either. *Duffy v. Stellantis*, No. 22-06038 (GC) (RLS), 2023 WL 4601034, at *2 (D.N.J. July 18, 2023); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 721 n.3 (E.D. Tex. Nov. 18, 2002)

[2] Nor does Plaintiff's pro se complaint support diversity-of-citizenship subject-matter jurisdiction because he alleges that the Defendant, like Plaintiff, is a citizen of Missouri. (Doc. 1-2 at 2 & 4.) Federal diversity-of-citizenship subject-matter jurisdiction requires complete diversity among the parties. 28 U.S.C. § 1332.

**Conclusion**

Therefore, after careful consideration and review, the Court **ORDERS** that (1) Plaintiff's pro se motion for leave to proceed *in forma pauperis*, (Doc. 1), is **GRANTED**, and (2) this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and also for lack of federal subject matter jurisdiction. Plaintiff's pro se motion for a status update, (Doc. 3), is therefore **DENIED as moot**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 14, 2026